The opinion of the court was delivered by
Spencer, J.
Plaintiff sues to recover of defendant $800 and interest from .April 1, 1861, being the amount contributed by certain persons for her benefit and received by defendant “ on deposit and in trust for her.” In ■ the receipt executed by defendant on 1st March, 1861, he acknowledges to have received the amount “ for Madame Uranie Bórard.” It is also ■stated therein that the sum is contributed for the purpose of aiding to build or to buy for her a home, or to rent one for her. It is further recited that her receipt shall suffice for the discharge of Boagni, and ■that his responsibility for the fund shall not extend beyond that of Bel-Jocq, Noblom & Co., of New Orleans, or qther house with whom he does business, upon his depositing the same with said house.
The evidence shows, and it is not denied, that the defendant received this $800 in eight $100 bills of the Bank of Louisiana; that he sent these bills to and deposited them with a member of the firm of Bellocq, Nob-Tom & Co., of New Orleans ; that at the close of the war these identical 'bank bills (of which the letter and numbers were, preserved by defend¡•■ant) were returned to him by said firm, and that just prior to the insti *1126 tution of this suit the plaintiff made a written tender of them to the-plaintiff, who refused to receive them.
The discussion in this case has taken a wide range, and it has been-argued with zeal and ability on both sides ; but under the views we have taken it will not be necessary to enter upon so wide a field. The only ■questions material for us to consider are :
First — Whether the defendant could show by parol that the deposit with him was not money, but bank-bills.
Second — If so, is he, as depositary, liable for their depreciation in-value while in his possession.
First — On the first question, we think that it was competent for him to show the fact that the eight hundred dollars were represented by bank-bills. It has been long established that receipts for money are-open to explanation by parol, and that the rules relative to the admissibility of parol to vary or contradict written contracts do not apply. Besides, it is hardly a contradiction to show that the thing received was- ‘ eight hundred dollars ” in bank-notes. See 5 A. 235 ; lb. 408; 14 A. 274 ; 7 N. S. 534 ; 8 R. 246.
Second — The doctrine is that the depositary is liable for deterioration, and therefore for depreciation, only when it has proceeded from his-fault, or has occurred after he was in default'to restore the deposit.
There is no pretense that the depreciation of the notes of the Bank of Louisiana proceeded from or is attributable to any fault of defendant. It only remains to inquire, therefore, whether this depreciation took place after defendant was in default to restore the deposit. If he was in default, he is responsible for such loss as resulted thereafter. The plaintiff contends that he was put in default by the terms of his reeeiptr that the fact that he did not build or buy or rent her a home was a default ; that his neglect to restore the fund to her to be used for the purposes intended constitutes default on his part. We can not concur in these views for two reasons :
First — We do not see that the defendant assumed or undertook to build, buy, or rent the house. He simply received and agreed to hold the funds on deposit, contributed for that purpose.
Second — But even had he assumed such obligation, it would have ■ been an obligation to do, and in order to make him liable in damages a formal putting in default, by demand in writing, or in presence of two ■ witnesses, was necessary. O. C. 1911 and 1933. It is not pretended that such demand was ever made. Besides, the present suit is not one in damages for not doing the things for which the contributions were made,., but is brought to recover the fund deposited. The things deposited were bank-notes. His obligation as depositary was to keep them, and' restore or disburse them when called upon. It can not be asserted that *1127 he failed to do these things. He certainly kept them, the identical bills, as he promised, and there is no proof that any demand was ever formally made for their delivery. In fact, we think no demand, formal or informal, was ever made for these bills.
But, if plaintiff’s views be correct, that defendant was in default from April 1, 1861, when it is contended he failed and neglected to-do the things with which it is alleged he was charged, then the plea of ten years prescription would apply, for it is manifest that prescription will run in favor of a depositary from the time he is in default to deliver the deposit; so that the plaintiff is placed in this dilemma, that if defendant was in default, as alleged, then prescription has run in his favor. If he was not in default, then he is only bound to restore the-deposit, such as it is. This the defendant formally offered to do, before-this suit was brought. This tender on his part should relieve him from costs.
The judge a quo gave plaintiff judgment for the eight bank-notes-deposited, and condemned defendant to pay the costs. We think this judgment correct, except in so far as it condemns defendant for costs.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to condemn plaintiff to pay the costs,, and that as thus amended, and in other respects, the said judgment is affirmed.